**POND CREEK COLLIERY, Appellant,**

v.

**Burke TAYLOR, Sr., et al., etc., Appellees.**

Court of Appeals of Kentucky.

May 31, 1957.

Baird & Hays, Pikeville, for appellant.

R. L. Theibert, Charleston, W. Va., for appellees.

CLAY, Commissioner.

Appellee, admittedly suffering from and totally disabled by silicosis and pulmonary tuberculosis, was awarded workmen's compensation under KRS 342.316(7). The circuit court affirmed the Board's award, and on this appeal appellant contends that as a matter of law the Board invoked the wrong statute.

Appellee had worked in appellant's coal mines for about 40 years. In 1954 he was sent to the hospital with pneumonia, and tuberculosis was discovered. The four doctors testifying in the case all agree that appellee is suffering from both tuberculosis and silicosis.

When the case was presented to the full Board, it entered an order referring the case to a disinterested physician to determine whether or not silicosis was "an essential factor in causing plaintiff's disability". This order recited that on the evidence before it the Board was unable to determine whether or not appellee was entitled to compensation, and if so, how much.

KRS 342.316(7) provides:

"In cases of disability or death from silicosis, complicated with tuberculosis

of the lungs, compensation shall be payable as for uncomplicated silicosis, provided, however, that silicosis was an essential factor in causing such disability or death."

KRS 342.316(11) provides: "where silicosis is aggravated by other disease or infirmity not itself compensable", the compensation shall be apportioned between the two disabling causes.

Appellant's contention is that subsection (7) under which the award was made does not apply to this case, but that the compensation should be apportioned under subsection (11).

The testimony of the doctors introduced by the parties left it uncertain, as in the case of the chicken and the egg, which came first, silicosis or tuberculosis. Their testimony did indicate, however, that the two are closely related, and it is generally recognized that often the disabling aspect of silicosis is the development of tuberculosis. One of appellee's doctors had testified that the silicosis came first, although he admitted this was speculative and there was no way of actually determining which may have preceded the other.

We turn now to the evidence of Doctor Murray, who was appointed by the Board. In his report he gave it as his opinion that appellee contracted silicosis first and that tuberculosis developed later. In his deposition we find the following:

"Q. In your opinion is the silicosis an essential factor in causing his disability? A. To some extent, yes.

"Q. It is a factor in his disability then? A. Yes sir."

It is appellant's contention that nowhere in the evidence is there proof that the silicosis was an *essential* factor in the development of the tuberculosis. We think a consideration of all of the evidence in the case, coupled with Dr. Murray's statements, furnishes sufficient ground for a finding by the Board that appellee's silicosis was such a factor. The obscure aspects of the disease prevent a claimant from furnishing more positive proof to bring himself within the coverage of subsection (7). Under the circumstances here shown and in the light of the requirement that the workmen's compensation law be construed liberally (KRS 342.004), the award was justified by this record.

The judgment is affirmed.